**PETITION OF TEXACO, INC.**, formerly the Texas Company, as owner of the TUG, ALL AMERICAN, in a cause of exoneration from and limitation of liability, Appellee.

Petition of The CITY OF NEW YORK, Appellant,

as owner of the FERRYBOAT TOMPKINSVILLE for a limitation of or exoneration from liability, Rose Bernstein et al., Claimants-Cross-Appellants-Appellee.

Nos. 38, 88, Dockets 27204, 27217.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1962.

Decided Oct. 25, 1962.

Brush & Brush, New York City, for appellee.

Leo A. Larkin, Corp. Counsel of City of New York, for petitioner-appellant.

Kane, Grae & Agar, St. George, S. I., N. Y. (Solomon R. Agar, St. George, S. I. N. Y., of counsel), for claimants-cross-appellants-appellees.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant City of New York, the owner and operator of the ferryboat TOMPKINS-VILLE, appeals from two decrees in the admiralty entered in the United States District Court for the Southern District of New York. After the TOMPKINSVILLE had been involved in a nighttime collision in Upper New York Bay with a light oil barge, the TEXACO 396, owned and operated by Texaco, Inc., the City and Texaco, Inc. filed separate petitions seeking limitation of or exoneration from liability for any loss suffered by others occasioned by the collision. Minor damage to both vessels had been incurred and several ferryboat passengers had filed claims for compensation for personal injuries.

In their respective petitions each petitioner charged that the collision was caused solely by the acts and defaults of the other. The petitions were the subject of a lengthy consolidated hearing on the merits, in which counsel for the personal injury passenger claimants took part, seeking recovery for the injured against either or both of the petitioners.

On June 29, 1961, the trial judge filed an extensive opinion, D.C., 210 F.Supp. 390, containing detailed findings of fact. He concluded that the TOMPKINSVILLE was solely responsible for the collision and that the City of New York was neither entitled to exoneration nor to a limitation of its liability; that Texaco, Inc. was entitled to exoneration and to a decree against the City for the damages sustained by the barge TEXACO 396; and that the claims of the injured passengers against the City should be sustained and the claims of the passengers against Texaco, Inc. should be dismissed.

Pursuant to his opinion and to these conclusions the trial judge later filed the decrees appealed from, an interlocutory decree against the City upon its petition and a final decree in favor of Texaco, Inc. upon the latter's petition.

Admitting the fault of the TOMPKINSVILLE and conceding that it is not entitled to limit its liability, the City appeals on the ground that the factual findings found by the trial judge demonstrate that Texaco, Inc. should not have been absolved of fault and that damages should be apportioned between the City and Texaco.

We find no merit to the City's position and affirm on the June 29, 1961 opinion of the trial judge.